IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EARS & HEARING, P.A., | § | |
| | § | |
| V. | § | NO. 1:18-CV-00726-LY |
| | § | |
| BLUE CROSS AND BLUE SHIELD | § | |
| OF TEXAS, A DIVISION OF HEALTH | § | |
| CARE SERVICE CORPORATION | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Motion to Dismiss (Dkt. No. 30); Plaintiff's Response (Dkt. No. 34); and Defendants' Reply (Dkt. No. 35). The District Court referred the above motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules.

### I. BACKGROUND

Ears & Hearing brings this case against Blue Cross and Blue Shield of Texas ("BCBSTX") alleging violations of the Texas Insurance Code, Texas Administrative Code, Texas Business & Commercial Code, and Texas common law. Ears & Hearing provides hearing screening services for newborns. BCBSTX sells private insurance plans known as Preferred Provider Organization plans ("PPOs"). Preferred providers are healthcare providers who have entered into a contract with BCBSTX and have agreed on a contractually specified reimbursement rate for services provided to BCBSTX insureds. By contrast, non-preferred providers have not entered into any contractual relationship with BCBSTX.

A key feature of PPOs is that insureds retain the right to seek medical care from non-preferred providers, however, insureds who choose to seek medical care from a non-preferred provider may be responsible for paying a higher percentage of the provider's fee than they would for a preferred provider. Ears & Hearing is a non-preferred provider and claims to have treated patients insured by BCBSTX. However, Ears & Hearing alleges that BCBSTX has failed to provide proper reimbursement for these services, in violation of the Texas Insurance Code and Texas Administrative Code. Ears & Hearing contends that, although it is a non-preferred provider, it is entitled to be reimbursed at the same rate as a preferred provider for certain services it performs because several of the areas it serves do not have a preferred provider available to render the services. In addition, Ears & Hearing asserts that BCBSTX's failure to properly pay certain claims constitutes an unfair claim settlement practice in violation of Chapter 542 Subchapter A of the Texas Insurance Code and a violation of the Prompt Payment of Claims Act.

Ears & Hearing further alleges that it attempted to enter into a preferred provider contract with BCBSTX but was offered a reimbursement rate that is 90% below its usual fee for its services. Based on these facts, Ears & Hearing asserts that BCBSTX has unreasonably prevented Ears & Hearing from being designated a preferred provider in violation of Texas Insurance Code section 1301. In addition, Ears & Hearing alleges that BCBSTX's actions constitute an unfair or deceptive trade practice in violation of Chapter 541 Subchapter B of the Texas Insurance Code and the Deceptive Trade Practices Act.

Ears & Hearing initially filed suit in Travis County District Court, anf BCBSTX removed it to this Court. BCBSTX now moves to dismiss Ears & Hearing's First Amended Complaint pursuant to Fed. R. Civ. P 12(b)(6).

## II. LEGAL STANDARD

A.   *Rule 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008).

While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court has explained that a court need not accept as true conclusory allegations or allegations stating a legal conclusion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("mere conclusions[ ] are not entitled to the assumption of truth."). A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Id.*

B.   *Rule 9(b)*

Federal Rule of Civil Procedure 9(b) imposes a heightened pleading requirement for allegations of fraud or mistake and requires a party that alleges fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "To plead fraud

adequately, the plaintiff must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.' " *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010). "Rule 9(b) requires, at a minimum, that a plaintiff set forth the who, what, when, where, and how of the alleged fraud." *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010) (citations and internal quotation marks omitted*)*.

Texas district courts have consistently applied Rule 9(b)'s heightened pleading standard to claims under the Texas Insurance Code and Deceptive Trade Practices Act. *Bige, Inc. v. Penn-America Ins. Co.*, 1-15-CV-292 RP, 2015 WL 5227726, at *4 (W.D.Tex. Sept. 8, 2015); *see also DiNoto v. USAA Cas. Ins. Co.*, Civil Action No. H-13-2877, 2014 WL 4923975, at *6 (S.D.Tex. Sept.30, 2014) (plaintiff's Tex. Ins. Code and DTPA claims subject to 9(b) pleading standard); *Shakeri v. ADT Sec. Services, Inc.*, 2014 WL 5780955, at *3 (N.D.Tex. Nov. 6, 2014) (applying 9(b) pleading standard to plaintiff's DTPA claim)*.* Accordingly, the Rule 9(b) pleading standard applies to Ears & Hearing's claims of misrepresentation under the Texas Insurance Code and DTPA.

### III. ANALYSIS

**A.     Breach of Contract Claim**

In a diversity case such as this one, the court must apply state substantive law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Ashland Chem. Inc. v. Barco Inc.*, 123 F.3d 261, 265 (5th Cir. 1997). To prevail on a breach of contract claim in Texas, the plaintiff must establish the following elements: (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) a breach of the contract by the defendant, and (4) damages caused to the plaintiff by the defendant's breach. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009); *Aguiar v. Segal*,

4

167 S.W.3d 443, 450 (Tex.App.–Houston [14th Dist.] 2005). This Court and other district courts throughout the Fifth Circuit have consistently held that "a plaintiff must identify a specific provision of the contract that [the defendant]. . . allegedly breached." *Jane Doe 12 v. Baylor Univ.*, 336 F. Supp.3d 763, 789 (W.D.Tex. 2018); *Bedgood v. Nissan N. Am., Inc*, A-16-CA-00281-SS, 2016 WL 3566689, at *5 (W.D.Tex. June 24, 2016). However, while a plaintiff must allege sufficient facts to show that he or she is not engaged in a "fishing expedition," the Court "must also take account of [the plaintiff's] limited access to crucial information." *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730-31 (5th Cir. 2018).

Ears & Hearing alleges that BCBSTX entered into insurance contracts with insureds who obtained services from Ears & Hearing, and insureds assigned their rights to payment under the contract to Ears & Hearing. Dkt. 29 at 17. Ears and Hearing contends that it therefore has contractual privity and has the right to sue for breach of contract. *Id.* The plaintiff's primary theory for breach of contract is that BCBSTX has not appropriately reimbursed insureds (and therefore it) at the rate that is required under the insureds' policies. *Id.* at 11, 17. This, Ears & Hearing contends, has "resulted in monetary damages to the insureds and to E&H." *Id.* at 17.

BCBSTX argues that Ears & Hearing's breach of contract claim should be dismissed because the claim for breach of contract is "impermissibly vague" and fails to identify specific contracts or contract terms that have been breached. Dkt. 30 at 7. BCBSTX asserts, therefore, that Ears & Hearing has failed to state a viable claim. *Id.* In support of this contention, BCBSTX quotes *Am. Realty Trust, Inc. v. Travelers Cas. and Sur. Co. of Am.*, 362 F. Supp. 2d 744, 753-54 (N.D.Tex. 2005) and 5 Charles Alan Wright and Aurther R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1235. *Am. Realty Trust* states that "the complaint must describe the alleged terms of the contract

5

in a sufficiently specific manner," which for a written contract includes either a quote of the relevant contract language, a copy of the contract as an attachment, or a "summary of the contract's purported legal effect." *Id*. In response, Ears & Hearing admits that it "has not seen any Blue Cross contracts with insureds who used E&H services," but it contends that "[the] contracts exist, and *presumably* provide reimbursement provisions." Dkt. 34 at 5 (emphasis added). Referencing the reimbursement rates required by statute, Ears & Hearing states that "the contracts either misrepresent the reimbursement the insured is entitled to, or correctly state the rate . . . but fail to calculate it correctly in reimbursing insureds . . . [e]ither way, there is a breach of contract." *Id*. at 5-6.

In this case, Ears & Hearing has alleged the existence of a valid contract, performance by Ears & Hearing, breach of the contract by BCBSTX, and damages resulting from BCBSTX's breach of the contract. BCBSTX argues, in part, that Ears and Hearing's breach of contract claim must fail because it is "speculating that BCBSTX did not reimburse Plaintiff in accordance with the terms of unidentified contracts between BCBSTX and it's members." In support, it cites the district court's holding in *Innova*, in which a provider's breach of contract claim was dismissed where the provider alleged that the defendant paid reimbursements that were substantially less than was owed, but admitted it could not identify the contracts or the rates the contracts required. *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of GA., Inc.*, 995 F. Supp. 2d 587, 602-04 (N.D. Tex. 2014). Here, Ears & Hearing has failed to point to a specific contract provision that has been violated. The Fifth Circuit in *Innova* recognized, however, that a claim that fails to plead "specific plan language" may nonetheless survive a 12(b)(6) motion if the plaintiff had "limited access to crucial information." *Innova*, 892 F.3d at 732. *Innova* involved a hospital bringing a breach of contract claim as assignee of its patients' rights to benefits, and the insurance company moved to

6

dismiss for failure to identify the provisions in the specific plan documents that were allegedly breached. *Id.* at 724. In holding that the motion should be denied, the Circuit noted that its holding "underscores the principle that when discoverable information is in the control and possession of a defendant, it is not necessarily the plaintiff's responsibility to provide that information in her complaint." *Id.* at 732. The Court also noted:

> *Electrostim's* analysis informs our holding here. While the plaintiff in *Electrostim* was able to attach to the complaint a copy of the provider agreement at issue, the plaintiff did not identify the individual subscribers' health plans showing which services were "covered" services—the only services that had to be reimbursed under the provider agreement. Instead of holding that Electrostim had to allege actual plan language from each of the subscribers' health plans to show that specific services allegedly covered were in fact covered, we held that Electrostim had alleged facts sufficient to state a breach–of-contract claim.
>
> Here, the Hospital has alleged the existence of valid contracts (non-ERISA plans), performance by the Hospital, breach of the contracts by the Insurers, and damages in the form of underpayment or non-payment sustained as a result of the breach. Therefore, in light of *Electrostim*, the Hospital's second amended complaint adequately states a claim for breach of contract under Texas law.

*Innova*, 892 F.3d at 731-32 (citations omitted). Similarly, here Ears and Hearing has pled enough facts in its complaint to survive a motion to dismiss. It has allged the existence of valid contracts, performance by Ears and Hearing, breach of the contracts by BCBSTX, and damages in the form of underpayment as a result of a the breach. Under *Electrostim* and *Innova*, Ears and Hearing has adequately stated a claim for breach of contract under Texas law. *See also Rapid Tox Screen LLC v. Cigna Healthcare of Tex. Inc.*, No. 3:15-CV-3632-B, 2017 WL 3658841, at *10 (N.D. Tex. Aug. 24, 2017) (rejecting defendants' motion to dismiss when plantiff alleged that contracts provided for reimbursement of medical expenses incurred by defendants at "usual , customary, and reasonable rates").

**B.     Promissory Estoppel Claim**

To prevail on a promissory estoppel claim, a plaintiff must establish "(1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment." *Gano v. Diaz*, 2018 WL 3150988 at *7 (Tex. App.–Austin June 28, 2018) (citing *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 686 n.25 (Tex. 2002)). Courts in Texas have consistently held that the plaintiff "must demonstrate that he materially changed his position in reliance on the promise" in order to show detrimental reliance. *See Owens v. Specialized Loan Servicing L.L.C.*, 694 Fed. Appx 950, 955 (5th Cir. 2017) (citing *Trevino & Assocs. Mech., L.P. v. Frost Nat'l Bank*, 400 S.W.3d 139, 146 (Tex. App.-Dallas 2013, no pet.)).

Ears & Hearing asserts that BCBSTX "made promises to . . . insureds that [BCBSTX] would make payment according to the law and contract for properly submitted claims." Dkt. 29 at 18. Ears & Hearing further alleges that it "reasonably and justifiably" relied on the promises made to insureds and suffered damages as a result. *Id.*    BCBSTX offers three reasons why this claim should be dismissed. First, it asserts that the complaint "essentially recites the elements for promissory estoppel with no factual support." Dkt. 30 at 12. Next, BCBSTX suggests that Ears & Hearing has not alleged any facts indicating that it detrimentally relied on any promises. *Id.* at 13. Finally, BCBSTX argues that Texas caselaw holds that promissory estoppel is not a valid claim when a valid contract contains the disputed promise. *Id.* at 13-14.

BCBSTX is correct to point out that courts in Texas have consistently held that promissory estoppel is not a valid claim when the disputed promise exists in a legally valid contract. *See Jhaver v. Zapata Off-Shore Co.*, 903 F.2d 381, 385 (5th Cir. 1990) ("[u]nder Texas law, a contract comprising the disputed  promise precludes recovery under promissory estoppel"); *Fortune Prod.*

8

*Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000) ("when a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory"); *Subaru of Am. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 226 (Tex. 2002) ("the promissory-estoppel doctrine presumes no contract exists"). Here, Ears & Hearing has simply alleged the existence of promises to make payments "according to the law and contract." Dkt. 29 at 18. Ears & Hearing has not alleged the existence of a promise that is legally distinct from the promise contained in the contract. Since the alleged promise in this case is contained within the contracts between the BCBSTX and its insureds, Ears & Hearing cannot make a separate promissory estoppel claim.

C. **Unfair and Deceptive Trade Practices Claims**

Ears & Hearing's First Amended Complaint includes a "Fourth Cause of Action - Misrepresentation of Policy and Regarding the Policy," which states:

> As explained in Sections 32 and 33 herein, Blue Cross made misrepresentations relating to the policy or insurer, as it represented it had the right to pay E&H (if E&H qualified to be a preferred provider) a lesser sum than paid to Pediatrix or other preferred provider. That misrepresentation was false and/or misleading as to the Insurer's alleged right to so discriminate, which it could not do. Plaintiff has a private cause of action for its damages based on Tex. Ins. Code §§541.051(1)(A) and (B), and 541.151, and Tex. Bus. & Comm. Code § 17.46(b)(5), (7), (12)a and (24).

Dkt. 29 at 19. BCBSTX argues that Ears & Hearing has failed to state a claim under the Texas Insurance Code or Chapter 17 of the Texas Business & Commercial Code because Ears & Hearing (1) has not pleaded a misrepresentation that is within the scope of either Code, and (2) has failed to meet the heightened pleading requirements for claims of misrepresentation. Dkt. 30 at 18-19.

BCBSTX points out that the alleged misrepresentation Ears & Hearing relies on for this claim was made "during negotiations about a potential preferred provider contract," and thus is not

9

a misrepresentation that is actionable under § 541.051 of the Texas Insurance Code. That section provides in relevant part that:

> [i]t is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to (1) make, issue, or circulate . . . a statement misrepresenting *with respect to a policy* issued or to be issued (A) the terms of the *policy*; [or] (B) the benefits or advantages promised by the *policy*."

Tex. Ins. Code § 541.051 (emphasis added). Here, Ears & Hearing has alleged a misrepresentation concerning BCBSTX's right to negotiate different contract terms with different preferred providers. Dkt. 29 at 14-15. Although Ears & Hearing cites paragraphs 32 and 33 of the complaint as factual support for its claim, neither paragraph references or mentions an insurance policy. *Id*. Even assuming that Ears & Hearing has pled a misrepresentation made by BCBSTX, it has failed to plead the existence of a misrepresentation related to an insurance policy. It has therefore failed to state a claim under § 541.051.

Similarly, BCBSTX argues that the alleged misrepresentation fails to implicate the DTPA because the misrepresentation does not (a) pertain to goods and services or (2) relate to an agreement between the parties. Dkt. 30 at 19-20. Again, the Court agrees. The relevant provisions of the DTPA state:

> (a) False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful . . . .
>
> (b) Except as provided in Subsection (d) of this section, the term "false, misleading, or deceptive acts or practices" includes, but is not limited to, the following acts:
>
> * * *
>
> (5) representing that *goods or services* have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;
>
> * * *

10

> (7) representing that *goods or services* are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;
>
> * * *
>
> (12) representing that an *agreement* confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;
>
> * * *
>
> (24) failing to disclose information concerning *goods or services* which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

TEX. BUS. & COMM. CODE § 17.46 (emphasis added). To prevail on a claim under §§ 17.46(b)(5), (7), or (24), the plaintiff must establish that there was an actionable misrepresentation with respect to a good or service, *id.*, and the plaintiff must be a consumer, *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 386-87 (Tex. 2000). To qualify as a consumer, "(1) the person must have sought or acquired goods or services by purchase or lease and (2) the goods or services purchased or leased must form the basis of the complaint." *Moore v. CitiMortgage, Inc.*, 2017 WL 10841215, at *2 (W.D.Tex. Sept. 18, 2017) (citing *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 539 (Tex. 1981)). "A party whose only relation to an insurance policy is to seek policy proceeds is not a consumer." *Transport Ins. Co. v. Faircloth*, 898 S.W.2d 269, 274 (Tex. 1995) (internal quotations omitted). Ears & Hearing's DTPA claim has two problems: (1) the misrepresentation does not pertain to a good or service and (2) Ears & Hearing is not a consumer. Section 17.45 defines "goods" as "tangible chattels or real property purchased or leased for use" and "services" as "work, labor, or service purchased or leased for use." TEX. BUS. & COMM. CODE § 17.45. The subject of the

misrepresentation in this case is not something "purchased or leased for use." *See id*. Rather, the "thing" that is alleged to have been misrepresented is BCBSTX's right to price discriminate between preferred providers. Dkt. 29 at 14. Moreover, Ears & Hearing has not "sought or acquired goods or services by purchase or lease," and Ears & Hearing's only true relationship to the disputed insurance policies is to seek the proceeds. *Moore*, 2017 WL 10841215, at *2.; *Faircloth*, 898 S.W.2d at 273. Therefore, Ears & Hearing is not a consumer and may not bring an action under sections 17.46(b)(5), (7), or (24).

For essentially the same reason, the claim under § 17.46(b)(12) fails. In order to survive a motion to dismiss a claim under § 17.46(b)(12), the plaintiff must allege a misrepresentation with respect to the "rights, remedies, or obligations" conferred by an "agreement." TEX. BUS. & COMM. CODE § 17.46(b)(12). In other words, the plaintiff must allege (1) the existence of an agreement, and (2) a misrepresentation with respect to the terms of that agreement. *Id*. Ears & Hearing has done neither. In fact, Ears & Hearing's First Amended Complaint seems to acknowledge that an agreement did not exist at the time of the of the alleged misrepresentation, and further, that Ears & Hearing unilaterally decided not to agree to BCBSTX's proposed terms. Dkt. 29 at 14. ("Plaintiff . . . did not proceed further in the application process because of the discriminatory and low reimbursement rate Blue Cross offered"). The facts as alleged point to there being no agreement that would implicate §17.46(b)(12).

Even if the facts in this case implicated the relevant sections of the DTPA and Texas Insurance Code, Ears & Hearing still would not have a cognizable DTPA or Insurance Code claim because its allegations with respect to BCBSTX's misrepresentation fail to meet the standard required by Rule 9(b). For claims under the DTPA and Chapter 541 of the Texas Insurance Code,

the plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Sullivan*, 600 F.3d at 551. Here, Plaintiff has not stated when and where the statement was made and has provided no explanation of why any representation was false. Without more specific allegations, Ears & Hearing's claims for misrepresentation fail to meet the pleading standard required to survive a motion to dismiss. Regardless, even if Ears & Hearings could plead this claim with particularity, as already explained, it cannot state a claim under the statutes because it is not a consumer and it has not alleged a misrepresentation related to either a good or service or an agreement.

**D.     Texas Insurance Code §§ 542.051 and 542.060 Claims**

In its First Amended Complaint, Ears & Hearing alleges a claim under the Prompt Payment of Claims Act ("PPCA"). Dkt. 29 at 18. Section 542.060 of the Texas Insurance Code provides that an insurer who is not in compliance with the PPCA shall be liable to the policyholder in the amount of the claim plus interest and attorney's fees. TEX. INS. CODE § 542.060. To recover under the PPCA, the plaintiff must show that "(1) a claim was made under an insurance policy, (2) the insurer is liable for the claim, and (3) the insurer failed to follow one or more sections of the prompt-payment statute with respect to the claim." *Lyda Swinerton Builders, Inc. v. Okla. Surety Co.*, 903 F.3d 435, 450 (5th Cir. 2018); *Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 291 (Tex. 2001).

BCBSTX moves to dismiss this claim arguing that "[Ears & Hearing] does not identify any provision in the PPCA that BCBSTX allegedly violated, much less allege any facts plausibly showing such a violation." Dkt. 30 at 12. In response, Ears & Hearing points to paragraphs 17, 25, 26, 32, 33 and Exhibit G of the First Amended Complaint. Dkt. 34 at 6. However, paragraph 17 merely states in a conclusory fashion that Plaintiff is a "claimant" under § 542.051. Paragraphs 25

13

and 26 do not mention §§ 542.051 or 542.060, and also make conclusory allegations without any factual support. *See* Dkt. 29 at 12. Paragraph 26 only states that "BCBS failed to promptly pay claims owed to Plaintiff, in violation of TIC § 542.051 and 542.060, *et seq.*, which entitles Plaintiff to 18% annual interest as damages, plus Plaintiff's reasonable attorney's fees." *Id.* Paragraphs 32 and 33 provide details regarding Plaintiff's negotiations with BCBSTX to become a preferred provider, and do not relate to §§ 542.051 and 542.060. Moreover, Ears & Hearing has made no effort to identify the provisions of the PPCA that have allegedly been violated. In sum, Ears & Hearing has pleaded little more than conclusions without any factual support, which is not enough to state a claim. *Iqbal*, 556 U.S. at 678 ("mere conclusions[ ] are not entitled to the assumption of truth").

Ears & Hearing further suggests that section 542.060 provides the private cause of action for its claim under section 542.003. Dkt. No. 34 at 6. However, this is inaccurate. Section 542.060 provides a private cause of action "if an insurer that is liable for a claim under an insurance policy is not in compliance with *this subchapter*." TEX. INS. CODE § 542.060(a) (emphasis added). Section 542.060 is in subchapter B, whereas section 542.003 is in subchapter A; therefore, a claim under section 542.003 cannot proceed through section 542.060. *See id*. Ears & Hearing has failed to state a claim under sections 542.051 and 542.060.

**E.     Texas Insurance Code §§ 542.003, 1301.005, 1301.051, and 1301.156 Claims**

Texas courts "apply a rule of strict construction to statutory enforcement schemes and imply causes of action only when the drafters' intent is clearly expressed from the language as written." *Abbott v. G.G.E.*, 463 S.W.3d 633, 651 (Tex. App.–Austin 2015) (citing *Brown v. De La Cruz*, 156 S.W.3d 560, 567 (Tex. 2004). Ears & Hearing's claims under the Texas Insurance Code can only

14

proceed if the existence of a private cause action is clear from the plain language of the Code provisions. If the drafter's intent to create a private cause of action is not clear, Ears & Hearing's cause of action must be dismissed for failure to state a claim upon which relief can be granted.

Texas Insurance Code sections 542.003, 1301.005, 1301.051, and 1301.156 do not explicitly provide for a private cause of action, nor does the language of these sections suggest a clear intent to create one. For example, § 542.003 makes it unlawful to engage in "unfair claim settlement practices" but makes no reference to a private enforcement right. TEX. INS. CODE § 542.003. Notably, other sections of the Texas Insurance Code expressly create private causes of action. *See* TEX. INS. CODE § 541.151 ("[a] person who sustains actual damages may bring an action against another person for those damages . . ."); TEX. INS. CODE § 541.251 (". . . the individual damaged may bring an action on the individual's own behalf and on behalf of others similarly situated to recover damages"). Where the Legislature intended for there to be a private cause of action, it made that intention clear. Moreover, courts in Texas have repeatedly declined to recognize causes of action under the Texas Insurance Code when no cause of action is expressly created or implied in the statute. *See Tex. Med. Ass'n v. Aetna Life Ins. Co.,* 80 F.3d 153, 160 (5th Cir. 1996) ("Texas law does not provide a private cause of action for enforcement of the PPO rules"); *Peacock v. AARP, Inc.*, 181 F.Supp.3d 430, 435 (S.D. Tex. 2016) ("[t]he alleged violations [of the Texas Insurance Code] do not create a private right of action for Plaintiffs in this case"); *Terry v. Safeco Ins. Co. of Am.*, 930 F. Supp. 2d 702, 714 (S.D. Tex. 2013) ("[t]here is no private right of action under [section 542.003]").

It is also noteworthy that the Texas Insurance Code is not silent with respect to enforcement. Section 81.004 provides that "[t]he department shall report to the attorney general, promptly and in

detail, any violation of law relating to insurance companies or the business of insurance." TEX. INS. CODE § 81.004. Section 84.021 further provides that "[t]he commissioner may impose an administrative penalty on a person licensed or regulated under this code or another insurance law of this state who violates . . . this code [or] . . . another insurance law of this state." *Id.* at § 84.021. The weight of authority suggests that no private cause of action exists to enforce the Texas Insurance Code provisions mentioned in this section. *See Great Am. Assurance Co. v. Wills*, 2012 WL 3962037 (W.D.Tex. Sept. 10, 2012) ("the language of the Code, its legislative history, and court interpretations of the code suggest that only the Texas Department of Insurance can bring a claim under section 542.003"). Accordingly, this Court concludes that no private cause of action exists for these claims.

### F. Texas Administrative Code § 3.3704 and 3.3708

Finally, Ears & Hearing's claims under the Texas Administrative Code §§ 3.3704 and 3.3708 are not claims upon which relief can be granted. Section 3.3701(d) explicitly provides that "these sections do not provide a private cause of action for damages." 28 Tex. Admin. Code § 3.3701(d). Section 3.3701 defines the "Applicability and Scope" of Chapter 3, Subchapter X of the Texas Administrative Code, which includes sections 3.3704 and 3.3708. *Id.* Therefore, Ears & Hearing cannot bring a cause of action to enforce the terms of sections 3.3704 or 3.3708.

## IV. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **GRANT IN PART and DENY IN PART** Defendant Blue Cross and Blue Shield of Texas' Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Dkt. 30). Specifically, the undersigned **RECOMMENDS** that the District

Court **DENY** the motion as to the breach of contract claim, and **GRANT** the motion as to all other claims.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150–53, 106 S. Ct. 466, 472–74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 5th of August, 2019.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE